*178
 
 Taft, J.,
 

 dissenting. The majority opinion recognizes that all parties concede the validity of the order of the Juvenile Court of February 6,1946, temporarily depriving petitioner of the care and custody of her daughter and committing the daughter to the care and custody of the respondent board.
 

 If, as the majority opinion holds, the Juvenile Court had no jurisdiction to make the subsequent order of September 19, 1947, committing the petitioner’s daughter to the permanent care and custody of the respondent board, it does not follow that the board did not lawfully have care and custody of petitioner’s daughter.
 

 On the contrary, the admittedly valid order of 1946 would remain in effect until modified by some other valid order of the Juvenile Court. If there was none, then the respondent board certainly still had temporary care and custody under that 1946 order.
 

 Petitioner has mistaken her remedy. If the respond-dent board has the right to temporary care and custody of petitioner’s daughter, then the Common Pleas Court judgment should not, as the majority says it should, order “Beverly to be discharged from the permanent care and custody of” the board. If the 1947 order was void, as the majority opinion holds, petitioner should have applied to the Juvenile Court for modification of the 1946 order so as to get custody of her daughter. In doing so, she could then contend that the 1947 order was void.
 

 The result of the holding in this case is to permit petitioner to ignore and avoid attacking the admittedly valid 1946 order.
 

 Lewis
 
 v.
 
 Reed,
 
 117 Ohio St., 152, 157 N. E., 897, cited by the majority, is clearly distinguishable from this case. In the
 
 Lewis case
 
 there had been no order for temporary custody. There was simply an order
 
 *179
 
 granting permanent custody to the respondent. That order, being void, the respondent had no right to the care and custody of the child involved in that case. On the other hand, even if the order granting permanent custody in the instant case is void, the same board which was granted permanent custody under that void order has a right to temporary custody under an admittedly valid order. Such order has not been attacked and if the order granting permanent custody is void, there is nothing in the record of the Juvenile Court which in any way could be construed as a modification of the admittedly valid order granting the respondent board temporary custody.